# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4593 | **DATE** | 6/19/2012 |
| **CASE TITLE** | Jon White (R-69891) vs. Atchison, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for a temporary restraining order [5] is denied. This case and all other motions are transferred to the United States District Court for the Southern District of Illinois, East St. Louis Division for imposition of an initial filing fee and whatever other action the transferee court deems appropriate. The clerk shall not issue summons unless the transferee court so directs. The clerk shall mail a copy of this order to Office of the Warden of Stateville Marcus Hardy so that officials there may be made aware of Plaintiff's safety concerns.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Jon White is currently incarcerated at the Stateville Correctional Center. He recently transferred there from Menard Correctional Center. Plaintiff alleges that, while he was housed at Menard, officers told inmates there that Plaintiff was a child molester. Plaintiff received threats from several inmates. As he was being moved to a cell, Plaintiff informed officers that his new cellmate had threatened him. Menard officers allegedly ignored Plaintiff's complaints. Plaintiff was subsequently beaten by his cellmate. Later, Plaintiff was sexually assaulted by his cellmate. According to Plaintiff, he made a deal to be transferred from Menard to Big Muddy River, if he provided Menard Warden Atchison with information about the assault, which Plaintiff did. However, instead of being transferred to Menard, or to Pointiac, where he was told he was going to be transferred, he was taken to Stateville, where he is now. Plaintiff names as Defendants Menard Warden Atchison and six Menard officers. Without commenting on the merits of Plaintiff's claims, venue is not proper in this district and the case does not belong in this court.

    Under 28 U.S.C. § 1391(b), a civil rights action under Section 1983 may be brought only in:

    (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

    The events giving rise to this case occurred at, and all the Defendants are officers at, Menard Correctional Center, which is located in Randolph County in the Southern District of Illinois. 28 U.S.C. § 93(c). Venue does not lie in this court, but rather, in the Southern District of Illinois.

    Accordingly, in the interests of justice, this court transfers this action pursuant to 28 U.S.C. § 1406(a) to the Southern District of Illinois, East St. Louis Division for imposition of an initial filing fee and whatever other action the transferee court deems appropriate.

**STATEMENT**

Plaintiff has also filed a motion for a temporary restraining order ("TRO"). He states that he fears being placed in a cell with a gang member and may again suffer the problems he endured at Menard. He further contends that his complaint demonstrates a likelihood of success on the merits of his claims. An *ex parte* TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b); *see also James v. Randle*, No. 10-cv-78, 2010 WL 3310245 at *4(S.D. Ill. Aug. 19, 2010) (Herndon, J.). As proof of his irreparable harm, Plaintiff alleges that he is housed with a large number of gang members, "most of whom are associated with the inmates that assaulted him and the fact that prison officials have once placed plaintiff in the same cell with a gang member." (Doc. #6, Memorandum in Support of Motion for TRO at 2-3.) However, all of Plaintiff's allegations concern events at Menard Correctional Center, not Stateville. There is no indication that the same threat of harm that existed at Menard exists at Stateville. Moreover, federal courts must restrain "to take over the administration of a prison, something that is best left to correctional officials and their staff." *James*, 2010 WL 3310245 at *4. Plaintiff's motion for a TRO is thus denied. Out of an abundance of caution, this court will forward a copy of this order to the Office of the Warden of Stateville, so that officials there can ensure that Plaintiff is not housed with members of the same gang that assaulted him at Menard.

Accordingly, for the reasons stated above, the court denies Plaintiff's motion for a TRO. This case, and all other pending motions, are transferred to the Southern District of Illinois, East St. Louis Division.